UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-9-MOC-WCM

| | |
|---|---|
| GERALD R. LACSHOBER, )<br>)<br>    **Plaintiff, pro se,** )<br>)<br>vs. )<br>)<br>CURTIS A. COCHRAN,   )<br>CHARLES R. ROBINSON,  )<br>)<br>    **Defendants.**   )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on a Motion to Dismiss for Failure to State a Claim, filed by Defendants Curtis A. Cochran and Charles R. Robinson. (Doc. No. 2).

### I.   BACKGROUND

Pro se Plaintiff Gerald Laschober brought this action pursuant to 42 U.S.C. § 1983 against Swain County Sheriff Curtis Cochran and Swain County deputy sheriff Charles Robinson, alleging that Defendants violated his Fourth Amendment and other federal constitutional rights by issuing arrest and search warrants executed at his home in December 2018. (Doc. Nos. 1, 1-1). Plaintiff also purports to bring a conspiracy claim under 42 U.S.C. § 1985 and a state claim for libel against Defendants. Plaintiff also appears to be bringing a claim for a violation of the federal Anti-Swatting Act. Plaintiff has sued Defendants in their individual and official capacities.

The following allegations in Plaintiff's Complaint are taken as true for the purposes of this motion to dismiss.

Plaintiff alleges that "[o]n or about December 15th and 16th, 2018 at approximately 6 p.m.

1

EST, Plaintiff was contacted by the SBI and plaintiff's residence was raided by SWAT teams, SBI law enforcement, and Swain County, N.C. sheriff's deputies." (Doc. No. 1-1, p. 5, ¶ 5). Plaintiff alleges he was subsequently arrested for conspiracy to commit first-degree murder, solicitation to commit first-degree murder, and solicitation of malicious use of explosive or incendiary.[1] Plaintiff also alleges that various firearms, files, and a computer were seized during the searches. (Doc. No. 1-1 at 5). According to Plaintiff, he suffered "grave emotional injury" and "medical treatment" as a result of this incident. (Id.).

> Plaintiff further alleges that Defendants Cochran and Robinson
>
> and others not yet named or unknown, conspired to obtain a search warrant and other warrants using fictitious information against [Plaintiff], and by doing so involved other law enforcement agencies to carry out the actions of malicious intent to violate the Plaintiff's Constitutional rights specifically Plaintiff's rights to life and liberty. Thereby violating federal law; the Anti-Swatting Act of 2018 . . . . .
>
> Their conduct served no legitimate law enforcement objective and constituted a reckless and callous disregard for the Plaintiff's federally protected rights to be free from unreasonable search and seizure, pursuant to the Fourth Amendment of the United States Constitution.
> And to be free from unwarranted and unreasonable attack, detention, and seizure, as guaranteed by the fourteenth amendment to the United States constitution in violation of 42 U.S.C. Section 1983.

(Id. at p. 6). Plaintiff further alleges that in January 2019, Defendants caused a "press publication of false information concerning" this incident, which caused him harm. (Id.).

Based on the alleged factual allegations, Plaintiff brings the following claims against Defendants Cochran and Robinson in their official and individual capacities: (1) false arrest in

---

[1] In support of the motion to dismiss, Defendants maintain that, contrary to Plaintiff's allegations, he was never arrested for anything related to this case. See (Def. Ex. 5). On a motion to dismiss, the Court must take a plaintiff's allegations as true and in the light most favorable to the plaintiff.

violation of his Fourth Amendment and other federal constitutional rights, pursuant to 42 U.S.C § 1983; (2) unlawful search in violation of his Fourth Amendment and other federal constitutional rights, pursuant to 42 U.S.C. § 1983; (3) conspiracy to violate Plaintiff's rights under 42 U.S.C. § 1985; (4) a violation of the Anti-Swatting Act; and (5) libel under North Carolina state law.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted). While the Court may construe Plaintiff's complaint liberally because he is a pro se plaintiff, the complaint must still allege "'facts sufficient to state all the elements of [his] claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL 3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

3

## III. DISCUSSION

### A. Plaintiff's Official Capacity Claims Against Defendants Cochran and Robinson

Plaintiff purports to bring both official and individual capacity claims against Sheriff Cochran and Robinson. Plaintiff's claims against Sheriff Cochran and Robinson in their official capacity constitute claims against the Sheriff's office. Kentucky v. Graham, 473 U.S. 159, 165–66 (1985). Liability only attaches to the Sheriff's Office if the deprivation of Plaintiff's constitutional rights were caused by an official policy or custom. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978); Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999). A policy or custom under Monell may arise in four ways:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (quoting Carter, 164 F.3d at 217).

Here, Plaintiff makes no allegations of any policy, custom, or inadequate training sufficient to support Monell liability. To the contrary, he calls the search warrant and arrest an "unexpected and unwarranted attack." (Doc. No. 1-1, p. 5). As Plaintiff has failed to identify any municipal policy or custom that caused his injuries, his official capacity claims are barred. Board of Commissioners of Bryan Cnty. v. Brown, 520 U.S. 397, 403 (1997); Pembaur v. City of Cincinnati, 475 U.S. 469, 479–81 (1986). See also Revene v. Charles Cnty. Comm'rs, 882 F.2d 870, 875 (4th Cir. 1989) (granting motion to dismiss Monell claim where there are no "allegations of any developed practice or custom of comparable conduct that might be charged to the deliberate indifference of municipal policy-making authorities."); Zepp v. Rehrmann, 79 F.3d

381, 385 (4th Cir. 1996) (Monell claim fails where Plaintiff fails to identify a county violation which caused him to retire).

> **B. Plaintiff's Individual Capacity Claims Against Defendants Cochran and Robinson for False Arrest, Unlawful Search Warrant, Section 1985 Conspiracy, and Violation of the Anti-Swatting Act**

Plaintiff purports to bring a claim against Defendants for a false arrest based on "fictitious information." (Doc. No. 1-1, pp. 5-6, ¶¶ 5, 10–11). Plaintiff alleges that "Defendants Cochran and Robinson…conspired to obtain a search warrant and other warrants using fictitious information against [Plaintiff]." (Doc. No. 1-1, p. 6, ¶ 10). Plaintiff also contends that the search of his home was unlawful because it was based upon "fictitious information" and because it violated the "Anti-Swatting Act of 2018." (Doc. No. 1-1, p. 6, ¶ 10).

As for Plaintiff's individual capacity claims of Fourth Amendment violations against Defendants based on the alleged false arrest and unlawful search warrants, and Plaintiff's Section 1985 conspiracy claims against Defendants, the Court finds that, given the liberal standards of Iqbal and Twombly, these claims survive Defendants' motion to dismiss. However, the Court notes that Defendants deny there was ever an arrest in this case related to the search warrants at issue.[2] Defendants may certainly move for limited discovery in this matter on this issue before

---

[2] In support of the motion to dismiss, Defendants contend that on December 15, 2018, Robinson and Swain County Sheriff's deputy A.R. Holland arrested Kyle Huskey for various criminal charges. (Def. Ex. 1, p. 11). During Huskey's arrest, he informed Robinson and Holland that Plaintiff hired him to kill Cochran, Robinson, North Carolina State Highway Patrolman Aaron Ammons, and Swain County Sheriff's deputy Doug Woodard. (Id.). Defendants contend that, based on this information, State Bureau of Investigation Agent S.R. Ashe, along with Robinson, applied for various search warrants seeking evidence regarding this murder plot. The search warrants were for Plaintiff's phone records and for a search of Plaintiff's home. Defendants deny that Plaintiff was ever arrested for any conduct related to the search warrants in this case.

5

engaging in full discovery.

As for Plaintiff's theory that the search violated the "Anti-Swatting Act of 2018," the Anti-Swatting Act of 2018 amended the Communications Act of 1934 to provide for enhanced penalties for the transmission of misleading or inaccurate caller identification information with the intent to trigger an emergency response by law enforcement agencies. See 47 U.S.C. § 227(e)(5). Plaintiff makes no factual allegations that the Anti-Swatting Act of 2018 has any application to this case. Thus, Plaintiff's Anti-Swatting Act claim is dismissed.

### C. Plaintiff's State Law Libel Claim Against Defendants Cochran and Robinson

Next, as to his libel claim, Plaintiff contends that "[i]n January 2019 the Defendant(s) did cause press publication of false information concerning the December 16th, 2018 incident." However, this claim is barred by the one-year statute of limitation for libel set forth in N.C. GEN. STAT. § 1-54(3). This claim accrued in January 2019, the date of publication. Price v. Penney Co., 216 S.E.2d 154, 156 (N.C. Ct. App. 1975). Thus, this claim will be dismissed.

### IV. CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss is granted as to Plaintiff's claims against Defendants in their official capacities, as to Plaintiff's Anti-Swatting Act claim, and as to Plaintiff's state law libel claim against Defendants. The motion to dismiss is denied as to Plaintiff's individual capacity claims against Defendants for false arrest, unlawful search, and Section 1985 conspiracy.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Dismiss, (Doc. No. 2), is **GRANTED** in part and **DENIED** in part as set forth in this Order.

Signed: May 11, 2022

Max O. Cogburn Jr.
United States District Judge